*564 opinion.
Van Fossan :
We are satisfied from the evidence that a bona fide partnership was entered into between M. D. Olds and his three *565 daughters on December 31, 1918, and that it functioned as such during the taxable years. The intention and agreement to form a partnership, the contribution by the several parties of capital or services, the agreement to share profits or losses, cardinal tests of a partnership relation, were all present in the instant situation.
Counsel for the respondent suggests that the effect of the transaction was the creation of a trust. The Michigan court to which the written agreement was submitted declared the same to create a partnership, with Olds occupying a position of trustee as to the partnership. In view of the conclusion we have reached from the evidence it is unnecessary to decide whether or not this ruling is conclusive of the issue before us. Suffice it that we are of the same opinion as was the court as to the creation and existence of the partnership.
Government counsel points emphatically to the fact that the three daughters were not able to withdraw their shares of the profits without restraint and that the father retained control over such withdrawals. From this he argues, untenably we believe, that the daughters did not possess a right to require a division of the profits. The right to demand a division of profits and the right to withdraw suchj profits are not synonymous. Nor is there anything inconsistent with the existence of partnership relationship in the provision that except for persona] needs the profits should remain in the business subject to the discretion delegated to one member. The right to demand an accounting was not forgone by the delegation of such management and control.
Throughout the hearing and in his brief counsel for respondent has suggested either directly or by insinuation that improper motives lie back of the creation of the alleged partnership. He also would throw -doubt on the bona tides of the suit in the Michigan court to construe the partnership agreement. We find no basis or justification whatsoever for such suggestions. If the respondent believes the whole transaction was fraudulently conceived to evade tax, the law dictates the proper procedure for him to follow. If respondent has not sufficient faith in his apprehensions to formulate them into charges they should not be brought into the case by indirection. Neither do we find justification in the record for the imposition df the penalty for delay in filing of the return. That respondent is not urging this penalty may reasonably be inferred from his brief, wherein he elects to omit any argument in support thereof.
The deficiency, if any, should be recomputed on the basis of the existing partnership relation, in accordance with this opinion and findings of fact.
Reviewed by the Board.

Judgment will be entered under Rule 50.